# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

**TIMOTHY R. HOTT , P.C.**
591 Summit Avenue
Jersey City, New Jersey 07306
Telephone (201)653-5000
(TH 6729)
Attorney for the Plaintiffs

| | |
|---|---|
| William Dwyer, Nicholas Fabiano, John Ott, Dennis Whitby, Frank Hughes, Michael Rapp, Emanuel Santos and Alan O'Shea as Trustees of the Refrigeration & Air Conditioning Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund for and on behalf of themselves and said Funds and the New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada, an unincorporated labor organization, | CIVIL ACTION<br><br>CIVIL ACTION NO. |
| *Plaintiff(s)*<br>VS. | **COMPLAINT** |
| Eagle Air Systems, Inc.<br>1 Parkway<br>Upper Saddle River, New Jersey 07458<br><br>Colonia Refrigeration A/C<br>733 Grove Street<br>Rahway, New Jersey 07065<br><br>T.A. Elonis, Inc.<br>1088 Bristol Pike<br>Morrisville, Pa. 19067<br><br>Open Systems Design, LLC<br>3171 Route 9 No. 285<br>Old Bridge, New Jersey 08857 | |

|  |  |
|---|---|
| Harry C. Wittmaier Inc.<br>215 East Homestead Avenue<br>Collingswood, New Jersey 08108<br><br>Scoville HVAC Service, Inc.<br>19 North County Line Road<br>Jackson, New Jersey 08527<br><br>EEJ Mechanical, Inc.<br>221 Clements Bridge Road<br>Barrington, New Jersey 08007<br><br>Beverage & Refrigeration Service<br>833 Mill Road - Suite 2<br>Pleasantville, New Jersey 08232<br><br>Sander Mechanical Service, Inc.<br>55 Columbia Road<br>Suite 1<br>Branchburg, New Jersey 08876<br><br>Pinnacle Control Systems<br>55 Main Street<br>Hamilton, New Jersey 08620<br><br>     *Defendant(s)* |  |

Plaintiffs William Dwyer, Nicholas Fabiano, John Ott, Dennis Whitby, Frank Hughes, Michael Rapp, Emanuel Santos and Alan O'Shea as Trustees of the Refrigeration & Air Conditioning Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund for and on behalf of

themselves and said Funds, having their principal office at 830 Bear Tavern Road, West Trenton, Mercer County, New Jersey and the New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada, an unincorporated labor organization, by way of complaint against defendants say:

## THE PARTIES

1. Plaintiffs William Dwyer, Nicholas Fabiano, John Ott, Dennis Whitby, Frank Hughes, Michael Rapp, Emanuel Santos and Alan O'Shea are each Trustees of the Refrigeration & Air Conditioning Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund and as such are the administrators of said Funds and are fiduciaries of said Funds within the meaning of Section 3(21) and 502 of the Employee Retirement Income Security Act of 1974, 29 USC 1002 (21) and 1132.

2. Plaintiff Pension Fund and Annuity Fund are employee pension benefit plans within the meaning of Section 3(2) and (3) of 502(d)(1) of the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA") 29 USC 1002(2) and (3) and 1132(d)(1). Said Funds are also multiemployer plans within the meaning of Sections 3(37) and 515 of ERISA 29 USC 1002 (37) and 1145.

3. Plaintiffs Welfare Fund and Education Fund are employee welfare benefit plans and multiemployer plans within the meaning of Section 3(1) and (3) and 502(d)(1) of ERISA, 29 USC 1002 (1) and (3) and 1132(d)(1) and Section 3(37) and 515 of ERISA, 29 USC 1002 (37) and 1145.

4. Each plaintiff Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA, 29 USC 1132(d)(1).

2

5. Plaintiff New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada is an unincorporated labor organization representing employees for the purpose of collective bargaining within the meaning of Section 301 of the Taft Hartley Act, 29 USC 185.

6. Defendant Eagle Air Systems, Inc., having its principal place of business at 1 Parkway, Upper Saddle River, Bergen County, New Jersey 07458 is an employer within the meaning of Section 3(5) and 515 of ERISA, 29 USC 1002 (5) and 1145.

7. Defendant Colonia Refrigeration A/C, having its principal place of business at 733 Grove Street, Rahway, Union County, New Jersey 07065 is an employer within the meaning of Section 3(5) and 515 of ERISA, 29 USC 1002 (5) and 1145.

8. Defendant T.A. Elonis, Inc. having its principal place of business at 1088 Bristol Pike, Morrisville, Bucks County, Pennsylvania 19067 is an employer within the meaning of Section 3(5) and 515 of ERISA, 29 USC 1002 (5) and 1145.

9. Defendant Open Systems Design, LLC., having its principal place of business at 3171 Route 9 No. 285, Old Bridge, Middlesex County, New Jersey 08857 is an employer within the meaning of Section 3(5) and 515 of ERISA, 29 USC 1002 (5) and 1145.

10. Defendant Harry C. Wittmaier, Inc., having its principal place of business at 215 East Homestead Avenue, Collingswood, Monmouth County, New Jersey 08108 is an employer within the meaning of Section 3(5) and 515 of ERISA, 29 USC 1002 (5) and 1145.

11. Defendant Scoville HVAC Service, Inc., having its principal place of business at 19 North County Line Road, Jackson, Ocean County, New Jersey 08527 is an employer within the meaning of Section 3(5) and 515 of ERISA, 29 USC 1002 (5) and 1145.

12. Defendant EEJ Mechanical, Inc., having its principal place of business at 221 Clements

Bridge Road, Barrington, Camden County, New Jersey 08007 is an employer within the meaning of Section 3(5) and 515 of ERISA, 29 USC 1002 (5) and 1145.

13. Defendant Beverage & Refrigeration Service, having its principal place of business at 833 Mill Road, Suite 2, Pleasantville, Atlantic County, New Jersey 08232 is an employer within the meaning of Section 3(5) and 515 of ERISA, 29 USC 1002 (5) and 1145.

14. Defendant Sander Mechanical Service, Inc., having its principal place of business at 55 Columbia Road, Suite 1, Branchburg, Somerset County, New Jersey 08876 is an employer within the meaning of Section 3(5) and 515 of ERISA, 29 USC 1002 (5) and 1145.

15. Defendant Pinnacle Control Systems, having its principal place of business at 55 Main Street, Hamilton, Mercer County, New Jersey 08620 is an employer within the meaning of Section 3(5) and 515 of ERISA, 29 USC 1002 (5) and 1145.

## JURISDICTION

16. Jurisdiction over plaintiffs' cause of action is predicated on Section 502(e)(1)(f) of ERISA 29 USC 1132(e)(i)(f) and upon 28 USC 1331 and 29 USC 1337.

## FIRST COUNT

17. Defendants are signatory employers to and are bound by a written collective bargaining known as the National Service and Maintenance Agreement between them and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada and the New Jersey Committee of the United Association Refrigeration & Air Conditioning Division (UA-NJ), both labor organizations (hereinafter "UNION") in effect from August 1, 2005 to July 31, 2010.

18. The collective bargaining agreement between defendants and the Union has, as part thereof, a rider known as Schedule A which provides at Article XII, Paragraph 37 that said

employers agree to bound by all the terms and conditions of the Agreements and Declarations of Trust of each of the plaintiff Funds.

19. Each of the plaintiff Funds' Agreements and Declarations of Trust contain the following provision:

> "(e) Surety Bond Required. Every Employer who is now or becomes obligated to, in the future, make contributions to this Fund on behalf of employees shall provide to the Trustees, in a form satisfactory to the Trustees, or their designee, one of the following forms of surety bond or security deposit for the timely payment of all contributions due the Fund:

(1) A corporate surety bond issued by an insurance company duly licensed to conduct business as a surety in the State of New Jersey in which the Employer is named as principal and the Fund is named as obligee and beneficiary, guaranteeing the Employer's full and timely reporting and payment of contributions and in the following principal amounts based upon the number of employees employed by the Employer during each regular payroll period:

| Number of Employees | Bond Amount |
| --- | --- |
| 1-2 | $2,500 |
| 3-5 | $5,000 |
| 6-10 | $10,000 |
| 11-20 | $20,000 |
| 21-30 | $30,000 |

For each additional 10 employees an additional $10,000 security is required.

The bond shall be written for periods of at least one (1) year and shall be noncancellable for that period. Further, the terms of any such bond shall provide that same remain in full force and effect, notwithstanding

5

cancellation thereof, unless written notice of such cancellation is given to the Trustees, at least ninety (90) days in advance of any such cancellation. Such bond, when issued shall also provide that it automatically renew for like periods unless written notice of cancellation is given by the surety as herein provided.

(2) A check made payable to the Fund, certified by the drawee bank and in the same amount as provided in (1) above, which check shall be deposited and held in escrow by the Fund in an interest bearing account with the interest thereon accruing to the benefit of the Employer.

(3) A one month automatically renewable certificate of deposit issued to the Fund by a federally insured bank in the same principal amount as provided in (1) above."

20. The parties to the referenced Trust Agreements, effective March 1, 2006, amended the referenced Schedule A to the collective bargaining agreement raising the bonding requirements to the following:

| Number of Employees | Bond Amount |
| --- | --- |
| 1-2 | $ 6,000 |
| 3-5 | $16,000 |
| 6-10 | $32,000 |
| 11-20 | $64,000 |
| 21-30 | $96,000 |

21. In accordance with said amended article plaintiffs demanded that defendants each post a surety bond, cash bond or equivalent in a sum increased to equate with the number of employees employed by each defendant and that said surety bond be provided with plaintiffs as obligees to protect the interests of plaintiffs' participants and beneficiaries and because same was required by the referenced collective bargaining agreement.

22. In or about July, 2007 plaintiffs gave final written notice of its demand to defendants that each of them post a surety bond, cash bond or equivalent in a sum as required in accordance with the number of employees each employed with plaintiffs as obligees.

23. Defendants have failed and refused to comply with plaintiffs' demand despite being obligated to do so pursuant to the terms and conditions of the collective bargaining agreement between the Union and said defendants and therefore breached said contract.

24. Plaintiffs are third party beneficiaries of the collective bargaining agreement between the Union and defendants.

25. Plaintiffs will suffer irreparable injury and harm from defendants' breach of the collective bargaining agreement as set forth above in that plaintiffs' financial stability to ensure collection of required employer contributions to plaintiffs is jeopardized by defendants failure to post the required surety bond, cash bond or equivalent with plaintiffs as obligees.

26. Plaintiffs will suffer irreparable injury and harm from defendants' breach of the collective bargaining agreement as set forth above in that plaintiffs ability to purchase and provide benefits to its participants and beneficiaries will be jeopardized if plaintiffs cannot secure payment of defendants' obligations which will result from defendants' failure to post the required surety bond, cash bond or equivalent with plaintiffs are obligees.

27. Plaintiffs will suffer irreparable injury and harm from defendants' breach of the collective bargaining agreement as set forth above in that plaintiffs will lose investment opportunities which would benefit plaintiffs' participants and beneficiaries as a result of defendants' failure and refusal to post the required surety bond, cash bond or equivalent with plaintiffs as obligees thereby depriving plaintiffs from securing payments defendants are obligated to make to plaintiffs.

28. The relief sought by plaintiffs against defendants will not harm defendants to a greater extent than that which plaintiffs will suffer if the relief sought by them is not granted as plaintiffs seek to enforce their rights under a clear and unambiguous contract provision.

29. The public interest is best served by granting plaintiffs the relief sought against defendants.

30. Plaintiffs are without adequate remedy at law and therefore are entitled to equitable relief against defendants.

31. Each defendant has failed to post a bond and/or increase the amount of their bond, as alleged above, in the following amounts:

| | |
|---|---|
| Eagle Air Systems, Inc.<br>1 Parkway 3rd Floor East Wing<br>Upper Saddle River, New Jersey 07458 | $11,000.00 |
| Colonia Refrigeration A/C<br>733 Grove Street<br>Rahway, New Jersey 07065 | $6,000.00 |
| T.A. Elonis, Inc.<br>1088 Bristol Pike<br>Morrisville, Pa. 19067 | $3,500.00 |
| Open Systems Design, LLC<br>3171 Route 9 No. 285<br>Old Bridge, New Jersey 08857 | $3,500.00 |
| Harry C. Wittmaier Inc.<br>215 East Homestead Avenue<br>Collingswood, New Jersey 08108 | $16,000.00 |
| Scoville HVAC Service, Inc.<br>19 North County Line Road<br>Jackson, New Jersey 08527 | $3,500.00 |
| EEJ Mechanical, Inc.<br>221 Clements Bridge Road<br>Barrington, New Jersey 08007 | $64,000.00 |

| | |
|---|---|
| Beverage & Refrigeration Service<br>833 Mill Road - Suite 2<br>Pleasantville, New Jersey 08232 | $32,000.00 |
| Sander Mechanical Service, Inc.<br>55 Columbia Road<br>Suite 1<br>Branchburg, New Jersey 08876 | $96,000.00 |
| Pinnacle Control Systems<br>55 Main Street<br>Hamilton, New Jersey 08620 | $3,500.00 |

WHEREFORE, Plaintiffs demand judgment against defendants Eagle Air Systems, Inc., Colonia Refrigeration A/C, T.A. Elonis Inc., Open Systems Design LLC, Harry C. Wittmaier Inc., Scoville HVAV Service Inc., EEJ Mechanical Inc., Beverage & Refrigeration Service, Sander Mechanical Service Inc., and Pinnacle Control Systems as follows:

1. For a preliminary injunction enjoining each defendant above named from violating the terms of the collective bargaining agreement as to plaintiff Funds and each defendant's obligation to make payments thereto by ordering each defendant to remit to plaintiffs immediately all contributions due and presently owing and ordering each defendant to remit contributions due and owing to plaintiffs thereafter on a weekly bases during pendency of this cause of action; and

2. For a permanent injunction enjoining each defendant named above from violating the terms of the collective bargaining agreement as to plaintiff Funds and ordering each defendant to post a surety bond, cash bond or equivalent in a principal sum as required in accordance with the number of employees each employs with plaintiffs as obligees; and

3. For an award of counsel fees and costs of suit to be paid by each defendant to plaintiffs in a sum equal to that actually expended by plaintiffs in prosecution of this cause of action;

9

4.   For such other and further relief as the Court deems equitable and just.

## SECOND COUNT

34.  Plaintiffs repeat and reallege paragraphs 1 through 5 and 16 through 31 above as to defendant Eagle Air Systems, Inc. as if set forth in full herein.

WHEREFORE, plaintiffs demand judgment against defendant Eagle Air Systems, Inc. as follows:

1.   For a preliminary injunction enjoining each defendant above named from violating the terms of the collective bargaining agreement as to plaintiff Funds and each defendant's obligation to make payments thereto by ordering each defendant to remit to plaintiffs immediately all contributions due and presently owing and ordering each defendant to remit contributions due and owing to plaintiffs thereafter on a weekly bases during pendency of this cause of action; and

2.   For a permanent injunction enjoining each defendant named above from violating the terms of the collective bargaining agreement as to plaintiff Funds and ordering each defendant to post a surety bond, cash bond or equivalent in a principal sum as required in accordance with the number of employees each employs with plaintiffs as obligees; and

3.   For an award of counsel fees and costs of suit to be paid by each defendant to plaintiffs in a sum equal to that actually expended by plaintiffs in prosecution of this cause of action;

4.   For such other and further relief as the Court deems equitable and just.

## THIRD COUNT

35.  Plaintiffs repeat and reallege paragraphs 1 through 5 and 16 through 31 above as to defendant Colonia Refrigeration A/C as if set forth in full herein.

WHEREFORE, plaintiffs demand judgment against defendant Colonia Refrigeration A/C as follows:

1. For a preliminary injunction enjoining each defendant above named from violating the terms of the collective bargaining agreement as to plaintiff Funds and each defendant's obligation to make payments thereto by ordering each defendant to remit to plaintiffs immediately all contributions due and presently owing and ordering each defendant to remit contributions due and owing to plaintiffs thereafter on a weekly bases during pendency of this cause of action; and

2. For a permanent injunction enjoining each defendant named above from violating the terms of the collective bargaining agreement as to plaintiff Funds and ordering each defendant to post a surety bond, cash bond or equivalent in a principal sum as required in accordance with the number of employees each employs with plaintiffs as obligees; and

3. For an award of counsel fees and costs of suit to be paid by each defendant to plaintiffs in a sum equal to that actually expended by plaintiffs in prosecution of this cause of action;

4. For such other and further relief as the Court deems equitable and just.

## FOURTH COUNT

36. Plaintiffs repeat and reallege paragraphs 1 through 5 and 16 through 31 above as to defendant T.A. Elonis, Inc. as if set forth in full herein.

WHEREFORE, plaintiffs demand judgment against defendant T.A. Elonis, Inc. as follows:

1. For a preliminary injunction enjoining each defendant above named from violating the terms of the collective bargaining agreement as to plaintiff Funds and each defendant's obligation to make payments thereto by ordering each defendant to remit to plaintiffs immediately all contributions due and presently owing and ordering each defendant to remit contributions due and owing to plaintiffs thereafter on a weekly bases during pendency of this cause of action; and

11

2.  For a permanent injunction enjoining each defendant named above from violating the terms of the collective bargaining agreement as to plaintiff Funds and ordering each defendant to post a surety bond, cash bond or equivalent in a principal sum as required in accordance with the number of employees each employs with plaintiffs as obligees; and

3.  For an award of counsel fees and costs of suit to be paid by each defendant to plaintiffs in a sum equal to that actually expended by plaintiffs in prosecution of this cause of action;

4.  For such other and further relief as the Court deems equitable and just.

## **FIFTH COUNT**

37. Plaintiffs repeat and reallege paragraphs 1 through 5 and 16 through 31 above as to defendant Open Systems Design, LLC as if set forth in full herein.

WHEREFORE, plaintiffs demand judgment against defendant Open Systems Design, LLC as follows:

1.  For a preliminary injunction enjoining each defendant above named from violating the terms of the collective bargaining agreement as to plaintiff Funds and each defendant's obligation to make payments thereto by ordering each defendant to remit to plaintiffs immediately all contributions due and presently owing and ordering each defendant to remit contributions due and owing to plaintiffs thereafter on a weekly bases during pendency of this cause of action; and

2.  For a permanent injunction enjoining each defendant named above from violating the terms of the collective bargaining agreement as to plaintiff Funds and ordering each defendant to post a surety bond, cash bond or equivalent in a principal sum as required in accordance with the number of employees each employs with plaintiffs as obligees; and

3. For an award of counsel fees and costs of suit to be paid by each defendant to plaintiffs in a sum equal to that actually expended by plaintiffs in prosecution of this cause of action;

4. For such other and further relief as the Court deems equitable and just.

## SIXTH COUNT

38. Plaintiffs repeat and reallege paragraphs 1 through 5 and 16 through 31 above as to defendant Harry C. Wittmaier, Inc. as if set forth in full herein.

WHEREFORE, plaintiffs demand judgment against defendant Harry C. Wittmaier, Inc. as follows:

1. For a preliminary injunction enjoining each defendant above named from violating the terms of the collective bargaining agreement as to plaintiff Funds and each defendant's obligation to make payments thereto by ordering each defendant to remit to plaintiffs immediately all contributions due and presently owing and ordering each defendant to remit contributions due and owing to plaintiffs thereafter on a weekly bases during pendency of this cause of action; and

2. For a permanent injunction enjoining each defendant named above from violating the terms of the collective bargaining agreement as to plaintiff Funds and ordering each defendant to post a surety bond, cash bond or equivalent in a principal sum as required in accordance with the number of employees each employs with plaintiffs as obligees; and

3. For an award of counsel fees and costs of suit to be paid by each defendant to plaintiffs in a sum equal to that actually expended by plaintiffs in prosecution of this cause of action;

4. For such other and further relief as the Court deems equitable and just.

## SEVENTH COUNT

39. Plaintiffs repeat and reallege paragraphs 1 through 5 and 16 through 31 above as to defendant Scoville HVAC Service, Inc. as if set forth in full herein.

13

WHEREFORE, plaintiffs demand judgment against defendant Scoville HVAC Service, Inc. as follows:

1. For a preliminary injunction enjoining each defendant above named from violating the terms of the collective bargaining agreement as to plaintiff Funds and each defendant's obligation to make payments thereto by ordering each defendant to remit to plaintiffs immediately all contributions due and presently owing and ordering each defendant to remit contributions due and owing to plaintiffs thereafter on a weekly bases during pendency of this cause of action; and

2. For a permanent injunction enjoining each defendant named above from violating the terms of the collective bargaining agreement as to plaintiff Funds and ordering each defendant to post a surety bond, cash bond or equivalent in a principal sum as required in accordance with the number of employees each employs with plaintiffs as obligees; and

3. For an award of counsel fees and costs of suit to be paid by each defendant to plaintiffs in a sum equal to that actually expended by plaintiffs in prosecution of this cause of action;

4. For such other and further relief as the Court deems equitable and just.

### EIGHTH COUNT

40. Plaintiffs repeat and reallege paragraphs 1 through 5 and 16 through 31 above as to defendant EEJ Mechanical, Inc. as if set forth in full herein.

WHEREFORE, plaintiffs demand judgment against defendant EEJ Mechanical, Inc. as follows:

1. For a preliminary injunction enjoining each defendant above named from violating the terms of the collective bargaining agreement as to plaintiff Funds and each defendant's obligation to make payments thereto by ordering each defendant to remit to plaintiffs immediately all contributions due and presently owing and ordering each defendant to

  remit contributions due and owing to plaintiffs thereafter on a weekly bases during pendency of this cause of action; and

2.  For a permanent injunction enjoining each defendant named above from violating the terms of the collective bargaining agreement as to plaintiff Funds and ordering each defendant to post a surety bond, cash bond or equivalent in a principal sum as required in accordance with the number of employees each employs with plaintiffs as obligees; and

3.  For an award of counsel fees and costs of suit to be paid by each defendant to plaintiffs in a sum equal to that actually expended by plaintiffs in prosecution of this cause of action;

4.  For such other and further relief as the Court deems equitable and just.

## NINTH COUNT

41.  Plaintiffs repeat and reallege paragraphs 1 through 5 and 16 through 31 above as to defendant Beverage & Refrigeration Service as if set forth in full herein.

WHEREFORE, plaintiffs demand judgment against defendant Beverage & Refrigeration Service as follows:

1.  For a preliminary injunction enjoining each defendant above named from violating the terms of the collective bargaining agreement as to plaintiff Funds and each defendant's obligation to make payments thereto by ordering each defendant to remit to plaintiffs immediately all contributions due and presently owing and ordering each defendant to remit contributions due and owing to plaintiffs thereafter on a weekly bases during pendency of this cause of action; and

2.  For a permanent injunction enjoining each defendant named above from violating the terms of the collective bargaining agreement as to plaintiff Funds and ordering each defendant to

   post a surety bond, cash bond or equivalent in a principal sum as required in accordance with the number of employees each employs with plaintiffs as obligees; and

3.  For an award of counsel fees and costs of suit to be paid by each defendant to plaintiffs in a sum equal to that actually expended by plaintiffs in prosecution of this cause of action;

4.  For such other and further relief as the Court deems equitable and just.

### TENTH COUNT

42.  Plaintiffs repeat and reallege paragraphs 1 through 5 and 16 through 31 above as to defendant Sander Mechanical Service, Inc. as if set forth in full herein.

WHEREFORE, plaintiffs demand judgment against defendant Sander Mechanical Service, Inc. as follows:

1.  For a preliminary injunction enjoining each defendant above named from violating the terms of the collective bargaining agreement as to plaintiff Funds and each defendant's obligation to make payments thereto by ordering each defendant to remit to plaintiffs immediately all contributions due and presently owing and ordering each defendant to remit contributions due and owing to plaintiffs thereafter on a weekly bases during pendency of this cause of action; and

2.  For a permanent injunction enjoining each defendant named above from violating the terms of the collective bargaining agreement as to plaintiff Funds and ordering each defendant to post a surety bond, cash bond or equivalent in a principal sum as required in accordance with the number of employees each employs with plaintiffs as obligees; and

3.  For an award of counsel fees and costs of suit to be paid by each defendant to plaintiffs in a sum equal to that actually expended by plaintiffs in prosecution of this cause of action;

4.  For such other and further relief as the Court deems equitable and just.

## ELEVENTH COUNT

43. Plaintiffs repeat and reallege paragraphs 1 through 5 and 16 through 31 above as to defendant Pinnacle Control Systems as if set forth in full herein.

WHEREFORE, plaintiffs demand judgment against defendant Pinnacle Control Systems as follows:

1. For a preliminary injunction enjoining each defendant above named from violating the terms of the collective bargaining agreement as to plaintiff Funds and each defendant's obligation to make payments thereto by ordering each defendant to remit to plaintiffs immediately all contributions due and presently owing and ordering each defendant to remit contributions due and owing to plaintiffs thereafter on a weekly bases during pendency of this cause of action; and

2. For a permanent injunction enjoining each defendant named above from violating the terms of the collective bargaining agreement as to plaintiff Funds and ordering each defendant to post a surety bond, cash bond or equivalent in a principal sum as required in accordance with the number of employees each employs with plaintiffs as obligees; and

3. For an award of counsel fees and costs of suit to be paid by each defendant to plaintiffs in a sum equal to that actually expended by plaintiffs in prosecution of this cause of action;

4. For such other and further relief as the Court deems equitable and just.

S/ TIMOTHY R. HOTT<br>**TIMOTHY R. HOTT**

Dated: 07/31/07